### UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

GERALD RENAUD,

      Plaintiff,                            Case No:
                                        Judge:

-v-                                     Magistrate:

LIVINGSTON COUNTY JAIL and
SHERIFF BOB BEZOTTE,

      Defendants.

---

ELIAS MUAWAD (P41632)
Attorney for Plaintiff
36700 Woodward Ave, Ste. 209
Bloomfield Hills, Michigan 48304
248-594-4700
FAX: 248-594-4701
EMAIL: elias@muawadpc.com

---

# **COMPLAINT**

## I. INTRODUCTION

    This is an action for monetary damages brought pursuant to 42 USC §1983, the

Eighth and Fourteenth Amendment to the United States Constitution, and against Sheriff

Bob Bezotte in his individual capacity and as Sheriff for the Livingston County Jail.

    Mr. Renaud was a former prisoner of the Livingston County Jail and contracted a

serious medical condition while being detained in the jail as a result of the jail's pervasive

customs or policies and deliberate indifference to inmates at the Livingston County Jail.

After contracting and being diagnosed with MRSA (Methacillin Resistant Staph Aurous), Mr.

Renaud was denied reasonable and adequate medical attention needed to prevent the

ongoing symptoms of MRSA, and as a result Mr. Renaud has suffered ongoing symptoms of

MRSA, pain and suffering, emotional distress.  Defendants were deliberately indifferent in

matters of disease prevention, as well as treating Mr. Renaud' serious medical needs, and if

having acted diligently, knew or should of known about the risk at the jail.

## II.  JURISDICTION & VENUE

1.  This Court has jurisdiction pursuant to 28 USC §1343 for federal constitutional

violations through 42 USC §1983.

2.      The damages sought are in excess of $75,000.00.

## III.  PARTIES

3.  Plaintiff was being held as a pre-trial detainee awaiting trial at the Livingston

County Jail located in Howell, Michigan.

4.  Defendant, Bob Bezotte, was the Sheriff at the Livingston County Jail at the time

that Mr. Renaud was a pretrial detainee.

5.  Defendant, Livingston County Jail, is a political subdivision of Livingston County

and is liable to Plaintiff's claims because injuries relevant to this Complaint were caused as a

result of customs or policies practiced in the Livingston County Jail.  The Livingston County

Jail is being sued as a municipality.

6.  Defendants acted under color of state law at all times material to this Complaint.

7.  The acts and omissions complained of herein occurred in Livingston County,

Michigan.

## IV.  CAUSE OF ACTION

8.  Plaintiff arrived and was booked in the Livingston County Jail on or about

September of 2007.

9.  Within weeks, the Plaintiff noticed a pain and redness in his left hand area.

10.  The pain got worse and then after complaining for 6 days to the staff, it was determined that Mr. Renaud was experiencing the same symptoms as MRSA and was diagnosed with MRSA by the medical staff employed at the jail.

11.  At the time Mr. Renaud was there, there were many cases of MRSA prior to him and after him and that the Defendants named herein had supervisory and policy making authority knew or should have known about the unconstitutional conditions at the jail, as well as the customs or policies that were deliberately indifferent or directly linked to the constitutional deprivation described herein.

12.  It is a fact that MRSA is a contagious, serious medical condition, and can be spread from person to person.

13.  When a person gets infected with MRSA, the infected area of the skin swells up and causes extreme pain.

14.  Before the swelling goes down in the infected area, the swollen area drains pus which contains the MRSA bacteria.

15.  When the affected area drain the MRSA bacteria the risks are extremely high that the infected person will pass the infection to another person who does not have MRSA.

16.  The Center for Disease Control (CDC) and other trained medical professionals, say that MRSA is a contagious medical condition, and to prevent the spread of MRSA from one person to another in an institutional setting, people  who are suffering from draining sores containing MRSA bacteria should be isolated or quarantined from people who do not have MRSA until the sores finish draining.

17.  Also, the CDC has talked about protocol in institutional settings to keep

staph/MRSA infections from spreading.

18.  During the Plaintiff's stay at the Livingston County Jail, he observed other persons who had MRSA who contracted the disease prior to him and after him.

19.  The medical staff at the jail facility were deliberately indifferent to Mr. Renaud' treatment of MRSA because medical personnel that were trained were not treating him but the Deputy Sheriffs were treating him who had no medical background.

20.  Since the amount of MRSA cases were high in Livingston County Jail because the bed spaces were limited, the jail failed to properly accommodate inmates infected with MRSA and prevent the spread of MRSA within the jail and the director of the jail knew or should have known of the conditions at the jail that resulted in the Plaintiff's injuries.

21.  The customs and policies complained of herein were widespread practices that may not be written policies of the Livingston County Jail were the direct link to the constitutional deprivation of the Plaintiff, and are affirmative policies or customs.

22.  With the amount of MRSA cases being so high at the Livingston County Jail, there is evidence that the conditions at the jail were as a result of a pattern, and the Plaintiff as well as inmates similarly situated at the jail sustained injuries as a result of standard operating procedures of the Livingston County Jail.

23.  Since the Plaintiff contracted MRSA in 2007, Mr. Renaud went through severe pain and suffering, fever, fatigue, weakness, depression, emotional distress and other inhumane results from the failure of Defendants to administer proper medical treatment and deliberate indifference.

## COUNT I

### 42 USC §1983-INDIVIDUAL LIABILITY

24.  The Plaintiff re-alleges and restates paragraphs 1 through 23 as though fully set forth herein.

25.  It is alleged that Livingston County Sheriff, Bob Bezotte, was deliberately indifferent to the Plaintiff's serious medical needs which violated the Plaintiff's Eighth and Fourteenth Amendment rights.

26.  Plaintiff claims damages for the injury set forth above under 42 USC §1983 for the violation of his constitutional rights under color of law.

## COUNT II

### 42 USC §1983-SUPERVISORY LIABILITY

27.  The Plaintiff re-alleges and restates paragraphs 1 through 26 as though fully set forth herein.

28.  It is alleged that Defendant, Sheriff Bob Bezotte, as a current or previous Sheriff at the time that Mr. Renaud was incarcerated at the Livingston County Jail and knew or should have known about the conditions at the jail as well as the constitutional deprivation of the Plaintiff, failed to do anything about it or prevent it.

29.  Plaintiff claims for the injuries set forth above under 42 USC §1983, against Defendants for violation of his Eighth and Fourteenth Amendment constitutional rights under color of law.

## COUNT III

### 42 USC §1983-MUNICIPAL LIABILITY

30.  The Plaintiff re-alleges and restates paragraphs 1 through 29 as though fully set

forth herein.

31.  Plaintiff's cause of action against Defendant Livingston County Jail as a municipality, it is alleged that the Defendants,  acts and omissions of its employees were directly linked to the constitutional violations complained of herein as well Plaintiff's injuries, due to the deliberate indifference of municipality of the Livingston County Jail, the acts and omissions of its employees were the cause of the constitutional deprivation.

32.  The Livingston County Jail was on actual or constructive notice that its omissions would likely result in a constitutional violation by having knowledge of the number of MRSA cases at the jail as well as the threats against the safety of the jail in matters of health.

33.  The customs and policies complained herein were practiced at the Livingston County Jail, and were the cause of the Plaintiff's injuries and violation of the Eighth and Fourteenth Amendments constitutional rights.

34.  Plaintiff claims damages for the injury set forth above under 42 USC §1983, against Livingston County Jail as a municipality for violation of his Eighth and Fourteenth Amendment constitutional rights under color of law.

<u>COUNT VI</u>

<u>RELIEF REQUESTED</u>

1.  Plaintiff seeks judgments against all Defendants each in their individual capacity, for punitive damages on behalf of the Plaintiff, in the total amount in excess of $75,000.00.

2.  Plaintiff seeks judgment against the Livingston County Jail as a municipality, for monetary damages in excess of $75,000.00.

3.   Plaintiff seeks damages for pain and suffering and emotional distress in excess of $75,000.00.

4.   Plaintiff seeks costs and attorney fees to be paid by the Defendants named herein, the cost to be determined at trial.

5.   Plaintiff seeks any other relief as it may appear to the Court that the Plaintiff is entitled to.

Respectfully submitted,

BY: _   /s/   Elias Muawad_____
       ELIAS MUAWAD (P41632)
       Attorney for Plaintiffs
       36700 Woodward Ave, Ste. 209
       Bloomfield Hills, MI 48304
       (248) 594-4700

Dated: September 24, 2008.